TOMAS DELA CRUZ ESTEBAN
#01991-093
U.S. PRISON-ATWATER
P.O. BOX 019001
ATWATER, CA 95301

FILED
DISTRICT COURT OF GUAM
FEB 18 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

TOMAS DELA CRUZ ESTEBAN,
    Plaintiff,

V.

UNITED STATES OF AMERICA,
    Respondent.
_____/

CASE NO. CR-00-015

CASE NO. 03-00007

AMENDED MOTION PURSUANT TO 18 § USC 2255
TO VACATE, SET ASIDE, AND CORRECT A SENTENCE

EVIDENTIARY HEARING REQUESTED

COPY

Comes now, Petitioner-Defendant, Tomas Esteban, appearing before the Court, pro-se, and brings this amended petition pursuant to the provisions of § 28 USC 2255, to litigate the legality of petitioner's detention. In support of petitioner would state that he is being illegally detained in violation of the United States Constitution and laws of the United States at the United States Prison at Atwater, California.

Mr. Esteban, was convicted after trial by jury of the following offenses; Count One, § 21 USC 952 (A), and § 21 USC 960. Count Two, § 21 USC 952 (A), and § 21 USC 960. Count Three, § 21 USC 952 (A), § 21 USC 960, and § 21 USC 963. Mr. Esteban did not testify at trial. Judgement was entered in the above entitled case on October 11th, 2000, by the Honorable Judge, John S. Upingco, District of Guam, presiding. Mr. Esteban was sentence to a term of 360 months (30 years) to run concurrent with each other.

## PRIOR LITIGATION

Mr. Esteban appealed from the trial court judgement to the Ninth Circuit Court of Appeals in Case No. 00-10489. The court of appeals denied relief in an unpublished memorandum decision January 8th, 2002. Mr. Esteban, would submit to the Court that there have been no other attempts at relief other than direct appeal and the initial petition filed in this Court of which this amends.

Petitioner would submit to the Court that at trial, sentencing, and on direct appeal, he was represented by Robert E. Hartsock, Federal Public Defender, Mongmong, Guam.

## ISSUE # (ONE)

VIOLATION OF PETITIONER'S SIXTH AMENDMENT
RIGHT TO CONSTITUTIONALLY EFFECTIVE ASSISTANCE
OF COUNSEL ON APPEAL.

(A) Appointed counsel failed to raise on direct appeal that petitioner's right to due process of law was violated when he was sentenced to a term of imprisonment based on an unconstitutional standard of proof, specifically proof by a preponderance of the evidence instead of proof beyond a reasonable doubt.

ISSUE # (TWO)

VIOLATION OF PETITIONER'S SIXTH AMENDMENT
RIGHT TO CONSTITUTIONALLY EFFECTIVE ASSISTANCE
OF COUNSEL AT SENTENCING.

(A) Appointed counsel failed to object to the trial court basing its sentenced imposed upon undisclosed information.

(B), Appointed counsel failed to interview prosecution witnesses prior to sentencing.

(C) Appointed counsel failed to object when defendant was sentenced on an unconstitutional standard of proof.

# ISSUE # (THREE)

## VIOLATION OF PETITIONER'S SIXTH AMENDMENT RIGHT TO CONSTITUTIONALLY EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.

(A) Appointed counsel failed to conduct any pre-trial investigation on behalf of the defendant, and failed to interview or call any witnesses for the defense, and failed to put on any defense.

(B) Appointed counsel failed to call an expert witnesses to testify the the authenticity of the ledgers introduced.

(C) Appointed counsel failed to make specific objections to the introduction of evidence under Rule 404 (b), Federal Rules of Evidence.

(D) Appointed counsel failed to object to prosecutorial misconduct that occurred during the trial.

(E) Appointed counsel failed to object when the prosecutor improperly vouched for government witnesses during closing arguments.

(F) Appointed counsel's failure to object to hearsay introduced as evidence.

(G) Appointed counsel's failure to object to evidence and statements that tended to show the defendant had a violent nature.

(H) Counsel failed to object to the hearing conducted in chambers without defendant present.

(I) Counsel failed to object to the variance alleged in the trial.

(J) Counsels failure to object to the transcripts of tapes as evidence.

(K) Failure of counsel to convey a plea agreement to his client or to advise him that he was subjected to a 30 year sentence.

(L) Whether the cumulative effect of counsels errors was a denial of the effective assistance of counsel.

# ISSUE # (FOUR)

## VIOLATION OF PETITIONER"S FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW.

(A) Prosecutorial misconduct that occurred during closing arguments, improper vouching for prosecution witnesses and evidence.

(B) Hearing conducted in chambers without the defendant present.

(C) Evidence and testimony introduce that tended to show that the defendant had a violent nature.

(D) Whether prosecutors closing argument as a whole constituted prosecutorial misconduct.

(E) Whether the the cumulative effect of the errors at trial was violative of due process.

For all of the foregoing reasons Mr. Esteban would ask this to vacate his conviction in this matter and/or to vacate the sentence imposed. Furthermore, Mr. Esteban, would request an evidentiary hearing and the appointment of counsel.

Respectfully submitted,

this 7th day of February 2003

_____
TOMAS ESTEBAN
PRO-SE

I hereby certify that I served a true and correct copy of the foregoing Amended Petition Pursuant to 28 USC 2255, by deposit within the institutional mail at USP ATwater upon the following;

JOHN WILSON
UNITED STATES ATTORNEY'S OFFICE
SIRENA PLAZA
108 HERNAN CORTEZ, STE. 500
HAGATNA, GUAM 96910

this 7th day of February 2003

_____
TOMAS ESTEBAN
PRO-SE

For all of the foregoing reasons Mr. Esteban would ask this to vacate his conviction in this matter and/or to vacate the sentence imposed. Furthermore, Mr. Esteban, would request an evidentiary hearing and the appointment of counsel.

Respectfully submitted,

this 7th day of February 2003

_____
TOMAS ESTEBAN
PRO-SE

I hereby certify that I served a true and correct copy of the foregoing Amended Petition Pursuant to 28 USC 2255, by deposit within the institutional mail at USP ATwater upon the following;

JOHN WILSON
UNITED STATES ATTORNEY'S OFFICE
SIRENA PLAZA
108 HERNAN CORTEZ, STE. 500
HAGATNA, GUAM 96910

this 7th day of February 2003

_____
TOMAS ESTEBAN
PRO-SE